UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. MURRAY,

                Plaintiff,

v.

                                            9:13-CV-0186
                                            (GTS/TWD)

S. NEPHEW, RCII (OMH), Clinton Corr. Facility;
and G. PROVOST, RCII, Clinton Corr. Facility,

                Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

ROBERT L. MURRAY
  Plaintiff, *Pro Se*
276 East 171st Street, Room 4
Bronx, New York 14057

HON. ERIC T. SCHNEIDERMAN                 JUSTIN L. ENGEL, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Timothy A. Vail ("Plaintiff") against two above-captioned New York State correctional employees ("Defendants"), are (1) Defendants' motion for summary judgment, (2) their motion for attorneys' fees, and (3) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be granted, their motion for attorneys' fees be denied, and Plaintiff's Amended Complaint be dismissed. (Dkt. Nos. 54, 60.) Plaintiff has not filed an Objection to the Report-Recommendation and the deadline in which to do so has

expired.  (*See generally* Docket Sheet.)  For the reasons set forth below, the Report-Recommendation is adopted in its entirety, Defendants motion is granted in part and denied in part, and Plaintiff's Amended Complaint is dismissed.

Generally, in her Report-Recommendation, Magistrate Judge Dancks made the following determinations: (1) Plaintiff's First Amendment retaliation claim should be dismissed because of his failure to adduce admissible record evidence from which a rational fact-finder could find a causal connection between his protected conduct and Defendants' actions; and (2) Defendants' motion for attorneys' fees should be denied because the fact that Plaintiff's retaliation claim survive the Court's thorough initial review shows that the claim was not "clearly meritless." (Dkt. No. 60, at Part III.)

When, as here, *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes:  1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a careful review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  (Dkt. No. 60.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 60) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 54) is **GRANTED** in part; and it is further

**ORDERED** that Defendants' motion for attorneys' fees (Dkt. No. 54) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED** in its entirety.

Dated: February 25, 2015
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge